UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID M. GRIPP, Plaintiff,

v. Civil Action No. 3:19-cv-398-DJH

FED STAFF *et al.*, Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff David M. Gripp filed a *pro se* complaint on a civil case form (Docket No. 1). As Defendants, he names "Fed staff" and "Jerry Phares of the Fed Office" in the "clerk office." In the section of the form asking the basis of this Court's jurisdiction, Plaintiff marks "Federal question" and asserts "copy rights and no out reach of profumus fornuss and boy is that [illegible]." As the statement of his claim, Plaintiff alleges: "A case has been lefting the prsburus formust and theres other and they have not gotten the Bisness and every thing else to me. As a witness John of the genesniter fed court house can tell the rest." In the relief section of the form, he writes: "seems the orginasation is fallining."

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual

allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Additionally, Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory. The complaint does not contain sufficient factual matter that, if accepted as true, states "'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Plaintiff fails to place Defendants on notice as to any claims against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the

short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544), and the pleadings are simply too vague and sparse to state a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), the duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: November 27, 2019

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
4415.005